GEORGE W. PARMENTER v. SHERMAN CASWELL.

*Trespass. Fishing. Act of 1876, relating to Fishing, Construed.*

1. Under the act of 1876, No. 56, the owner of land can maintain trespass in his own name, although the land is rented to, and occupied by, a tenant.
2. The County Court has jurisdiction.

THIS case was tried at the March Term, 1880 ; a jury trial ; and a verdict was ordered by the court for the plaintiff, REDFIELD, J., presiding.

Declaration in trespass, &c., founded on sections one, two and six, No. 56, session laws of 1876.

The record title of the farm on which the trespass was alleged to have been committed, was in the plaintiff, but said farm at the time of the alleged trespass, (May 19, 1878 ;) was occupied by plaintiff's brother, Calvin L. Parmenter, under a lease (yearly rental), from said George W. to said Calvin L., which lease began March 1st, 1876, and terminated March 1st, 1879 ; during all which time said Calvin was in full possession under said lease. The plaintiff testified that he had no interest in the result of this suit, but that the same was brought in his name, with his consent, and with the knowledge and consent of Calvin L. aforesaid.

When plaintiff rested his case the defendant moved to dismiss said cause, &c., 1st, for want of original jurisdiction in the County Court ; and 2nd, that plaintiff having leased his farm as before mentioned and being out of, and not entitled to, possession, cannot maintain this action. Motion and objection overruled ; exceptions by defendant. Verdict for plaintiff, damages $10, ordered by the court.

### DECLARATION.

In a plea of trespass founded on sections one, two and six, of No. 56 of the session laws passed by the legislature of the State of Vermont, and approved November 22, 1876, for that, the said plaintiff heretofore, to wit, on the 19th day of May, A. D. 1878, to wit, at said East Montpelier, was the owner of certain enclosed land in this State, situate and lying in said East Montpelier, to wit, the farm on which the plaintiff's brother, Calvin L. Parmenter, then resided, and still resides in said East Montpelier and, to wit, on the day and year last aforesaid, and for a long time prior thereto, to wit, at said East Montpelier, the plaintiff had caused to be erected and maintained sign-boards, not less than two feet long, by one foot wide, in two conspicuous places on said land, and on each of said sign-boards was then and there conspicuously posted a notice, that fishing on said land was prohibited, and the name of the said Calvin L. Parmenter, as occupant, was appended to said notices. That said Calvin L. Parmenter was then and there the occupant of said enclosed land.

And the plaintiff avers, that the said defendant afterward, to wit, on the 19th day of May, A. D. 1878, to wit, at said East Montpelier, with force and arms, wilfully broke and entered upon the above-named land, without permission of the owner or occupant thereof, for the purpose of fishing, contrary to the form of the

statute, in such case made and provided and against the peace : whereby, and by force of the statute, an action has accrued to the plaintiff, to demand and recover of the defendant the penalty of ten dollars for such entry : and said defendant then and there trampled down and injured the grass of the plaintiff, and other wrongs to the plaintiff then and there did, all of which is to the damage of the plaintiff fifty dollars, for the recovery of which, with just costs, the plaintiff brings suit.

*S. C. Shurtleff* and *C. W. Porter*, for plaintiff.

The question of jurisdiction is fully settled by *Jakeway* v. *Barrett*, 38 Vt. 326, and *Haven* v. *Needham*, 20 Vt. 184.

The second objection made by defendant, that plaintiff cannot maintain his action, because he was not in possession, is answered by the statute. The right of action is given to the *owner*, and not the *occupant*. The lessee consenting to the bringing of this action, the defendant is in no danger of a second suit.

*J. O. Livingston*, for defendant.

To maintain this action the plaintiff must have the possession, or right of possession, when the trespass was committed. *Catlin* v. *Hayden*, 1 Vt. 375 ; *Ripley* v. *Yale*, 16 Vt. 257 ; *Chesley* v. *Brockway*, 34 Vt. 550 ; 9 Conn. 216 ; 10 Conn. 225 ; 1 Chit. Pl. 206.

The opinion of the court was delivered by

ROYCE, J. This is an action of trespass brought under an act entitled, " An act for the further protection of fish and game, approved, Nov. 22, 1876." The second section provides, among other things, that the owner shall be entitled to recover against such person in an action of trespass brought for such entry, a penalty of ten dollars for every such entry, in addition to the actual damages thereby sustained.

It appears that the record title to the farm, upon which the trespass is alleged to have been committed, was in the plaintiff, but the farm was then occupied by a lessee, whose term had not then expired ; and it is claimed that the plaintiff, not having the possession or right of possession, cannot maintain the action. The

right of recovery is given by the statute to the owner, and the rules of the common law, to which we have been referred by the counsel for the defendant, relative to proper parties to the common law action of trespass, have no application ; and hence there is no necessity for ascertaining whether the action could be sustained independently of the statute or not.

The purpose of the legislature, in giving a right of action to the owner, was, no doubt, to enable him to protect his reversionary, as well as his present, interest in the property described in the act.

The judgment of the County Court is affirmed.